### EHRET MAGNESIA MFG. CO. v. UNITED STATES.

No. 44363.

Court of Claims.
March 5, 1945.

132

Prentice E. Edrington, of Washington, D. C., for plaintiff.

Armistead B. Rood, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

The plaintiff sues under the Act of June 25, 1938, 52 Stat. 1197, to recover increased costs which, it asserts, it incurred as a result of the enactment of the National Industrial Recovery Act, in performing a contract with a subcontractor on a Naval Hospital at Philadelphia. The difficulties in the case are in connection with the sufficiency of the plaintiff's proof of the claimed increases.

■ The plaintiff purchased certain materials for use on its contract. One of these materials was wool felt covering. Under the N. I. R. A., a Code of Fair Competition for the asbestos industry was formed, and the plaintiff's vice president, Du Bois, was a member of the Code Authority, its governing body. He testified that prices were quite rigidly fixed, under the Code, and that they were higher than they had been before, for wool felt covering. A Government auditor found that the discounts which the plaintiff got, on its purchases of this material, after the Code, were less by 5.085% than they had been before, and that this reduction of the discounts had increased the price of the wool felt covering for the work here involved by $714.99. We think this is adequate proof that the increase was a result of the enactment of the N. I. R. A.

■ Du Bois also testified as to increases in the prices of other materials which the plaintiff purchased for the job, but these were not proved to have been subject to the Code with which he was familiar, or, in fact, to any code, and he did not purport to know the reasons for the increases. The plaintiff did not make available to the Government auditor any records relating to these other materials. We think the reasons for the increases in their prices have not been adequately proved.

■ The plaintiff claims that its labor costs were increased as a result of the enactment of the N. I. R. A. We have no doubt that they were. The plaintiff signed the President's Reemployment Agreement by which it agreed to bring all wages up to a specified minimum, and to make equitable adjustments in wages already above the minimum. At or just before the time it signed the agreement, it increased its wages, and it also made other, but not general, increases during the period of performance of the contract here involved. The work on this contract was only a small part of all the work which was being done in the plaintiff's plant. We have no evidence as to the wages of particular men who worked on the contract work, or as to whether such increases as they received were due to the N. I. R. A. or to other factors which are constantly causing wage changes in a plant such as the plaintiff's. By making the assumptions which we have stated in finding 9, we arrive at the figure $448.48 for the increased labor costs.

This figure is, of course, not very trustworthy, and since the plaintiff has the burden of proof, we have reduced it to $350, a figure which, we are satisfied, is not more than the amount by which the plaintiff's labor costs were increased as a result of the enactment of the N. I. R. A.

The plaintiff is entitled to recover $1,064.99.

It is so ordered.

JONES, Judge, took no part in the decision of this case.